Reid *vs.* Godwin.

thereof, with no offer to show that any proceedings were had under such agreement. The Court allowed the paper read in evidence, over plaintiff's objection. During the argument by Taylor's attorney, he moved to amend by pleading that there never was such a partnership as charged. This amendment was allowed to be made over plaintiff's objection. When this amendment was filed plaintiff's counsel moved to continue the cause, because he was surprised by the amendment and wished to get evidence to show that there was such a partnership. The Court refused the continuance. Plaintiff's counsel then proposed to introduce evidence to show that there was such a partnership, but the Court would not allow him to do so. The jury found for the defendant.

Plaintiffs say the Court erred in allowing said writing to be used as evidence; in allowing the plea amended; in refusing the continuance, and in refusing to allow them to introduce evidence after the plea was so amended.

N. A. SMITH, for plaintiff in error, said writing irrelevant : Code, section 3703. The plea was in abatement and came too late : Code, section 1888 ; 3 Bl. Com., 301 ; Code, section 3404. Continuance should have been allowed : Code, section 3470.

C. T. GOODE, for defendant.

---

AARON L. REID, plaintiff in error, *vs* WILLIAM GODWIN, defendant in error.

Where A and B, being partners, executed a mortgage in the partnership name upon all the partnership property to A, one of the partners, and A transferred the mortgage to R, the plaintiff in error, who was proceeding to foreclose the same on the individual property of B, the other partner, and upon the trial the Court ruled out the mortgage as evidence and a verdict was taken for B :

*Held*, That individual property is not embraced by a mortgage executed by partners on their property, except it is specifically set forth and described, and that the Court committed no error in its holding under the facts of this case.

Evidence. Mortgages. Before Judge STROZIER. Dougherty Superior Court. December Term, 1870.

Kendrick and Godwin contracted with one of its members, that in consideration of his advancing to the firm certain money to carry on their farm, he should have control of the crops for reimbursement, and "a lien upon the entire estate" of the firm, and under this written agreement he advanced $5,000 00, and took the firm note, payable to himself. Subsequently Reid, as transferee of said note and mortgage filed a *rule nisi* to foreclose the mortgage upon certain lands specified in the rule (but not in the mortgage) as the property of Godwin.

Godwin objected to the foreclosure upon the grounds that he was adjudged a bankrupt, and therefore Reid could not sue him, because the note was discharged ; because the firm could not make a mortgage to one of its members ; because the said land was not covered, by terms or intention, by said mortgage, and last, because the land, in the rule specified, is not a part of his estate.

When the cause was to be tried and plaintiff tendered the mortgage in evidence, it was objected to upon the ground that it was irrelevant to the case made by the rule, and the Court rejected it. This is assigned as error.

HINES & HOBBS, for plaintiff in error.

D. H. POPE, for defendant.

LOCHRANE, Chief Justice.

The question in this case arises upon proceedings instituted to foreclose a mortgage under the following statement of facts :

In March, 1867, Kendrick and Godwin, planters in Dougherty county, entered in their copartnership name, into a con-

tract with Kendrick, one of the said partners, in his individual capacity, by which he was to advance to the copartnership plantation supplies, and to secure him for such advances this mortgage was executed, by which the crops were pledged, and in case of their failure to meet the liability, then the entire estate of the parties of the second part were bound for the fulfillment of the same. Kendrick assigned this mortgage to Reid, the plaintiff in error, who proceeded by rule to foreclose it upon the lands of Godwin, not specified in the mortgage, and which were his individual property. The Court below held that unless the lots were specifically mentioned in the mortgage, it would not go to the jury, who had been empanneled to try the issue of facts in this case and they, in pursuance of such ruling by the Court, found for the defendant. And this is the judgment of the Court brought before us for review.

Under the facts of this case we are satisfied that a mortgage made by copartners includes only their partnership property, and cannot be foreclosed as against the individual property of either of the partners, unless specifically mentioned therein.

Judgment affirmed.